UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                  ORDER

ABDELRAHIM JEBARA,                           17-CR-672-2 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Abdelrahim Jebara's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release." (Docs. 289, 291.) Familiarity with my prior orders, (Docs. 279, 281), is presumed.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1]

---

[1] Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary

The renewed motion argues that now that COVID-19 has come to FCI Allenwood-Medium, where Defendant is housed, his medical condition and the risks posed by being in prison during the pandemic, amount to extraordinary and compelling circumstances warranting release.[2] The Government represents, however, that the virus is confined to three housing units and has not reached Defendant's housing unit. There are only five inmate cases in FCI Allenwood-Medium. While I recognize the risk to Defendant has increased, it does not appear that the disease is running rampant. But I will assume that Defendant's medical condition – particularly diabetes – constitutes, in combination with the pandemic reaching his facility, an extraordinary and compelling reason. It nevertheless must be balanced against the § 3553(a) factors, which Defendant did not address in his application. Those factors still weigh heavily against release, for the reasons set forth in my original ruling. (Doc. 479.) The only thing that has changed in terms of the § 3553(a) factors is that Defendant has now served 40 months of his sixty month sentence, rather than 36 months. That does not suffice to shift the balance.

In short, the § 3553(a) factors – including Defendant's long history of breaking the law and the need to protect the public from his likely further crimes – outweigh the circumstances to which Defendant points.

---

and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712, at *1 (2d Cir. Sept. 25, 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 7 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2]To the extent Defendant seeks to serve his sentence on home confinement, authority to grant that relief is confined to the Bureau of Prisons. *See* 18 U.S.C. §§ 3621, 3624.

Accordingly, the renewed motion is denied. The Clerk of Court is respectfully directed to terminate the pending motions, (Docs. 289, 291), and send a copy of this Order to Defendant Abdelrahim Jebara, No. 63120-004, FCI Allenwood Medium, Federal Correctional Institution, P.O. Box 2000, White Deer, PA 17887.

Dated: October 29, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.